Filed 9/9/14  P. v. Robertson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN ROBERTSON,<br><br>    Defendant and Appellant. | B252840<br><br>(Los Angeles County<br>Super. Ct. No. BA411743) |

THE COURT:[*]

Appellant Brian Robertson (Robertson) appeals from the judgment of conviction following a jury trial.

*Prosecution's Case*

John Trussell (Trussell) works for the Department of Water and Power.  On May 24, 2013, he was on his way to turn in his work truck when he stopped to get something to drink.  While waiting in line at the store, Trussell noticed Robertson because he looked disheveled.  Trussell saw Robertson walk to the back of the store, pick up a 12-pack of beer, and walk outside with it.  When Trussell told Robertson that he had to pay for the beer, Roberston walked back in and up to the register.  Pedro Crisanto

_____

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

(Crisanto), who was working the register, noticed that Robertson had something in his hand that resembled a knife. Crisanto told Robertson that there were cameras everywhere and warned him not to do anything stupid. Giving Trussell dirty looks, Robertson went outside then returned and swung at Trussell. Trussell thought Robertson was holding a knife. Trussell quickly grabbed Roberston's wrist and, as they struggled, they ended up outside. Trussell was able to get Robertson on the ground and both Trussell and Crisanto detained him until police arrived. Trussell later realized that Robertson had a pair of scissors in his hand, not a knife.

*Defense Case*

A few days before the incident, Robertson had been attacked; he got a pair of scissors for self-defense. On the day of the incident, Robertson was very drunk; thus, he testified that he could not remember much of what took place. He did remember that Trussell was very confrontational.

Robertson testified that he never tried to stab anyone before.

The surveillance video did not show whether Robertson had scissors in his hand when he swung at Trussell.

*Proceedings*

An information charged Robertson with assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a)(1). It was further alleged that Robertson had suffered a prior prison term pursuant to Penal Code section 667.5, subdivision (b).

The jury found Robertson guilty as charged. He waived his constitutional right to a jury and a court trial on his prior and admitted it as true. On November 1, 2013, after the trial court denied his motion to reduce the offense to a misdemeanor, it sentenced Robertson to four years in state prison, consisting of the midterm of three years and an additional year on the enhancement. He received 324 days of custody credit.

This timely appeal ensued.

*Appeal*

Counsel was appointed to represent Robertson in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On May 23, 2014, we advised Robertson that he had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

We have examined the entire record and are satisfied that Robertson's appellate counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) Accordingly, we conclude that Robertson has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.